OPINION
{¶ 1} Defendant-appellant, Matthew A. Boczek ("appellant"), appeals from the imposition of sentence by the Lake County Court of Common Pleas for his conviction for one count of menacing by stalking.
 {¶ 2} On July 24, 2001, the Lake County Grand Jury issued an indictment against appellant for one count of violating a protection order in violation of R.C. 2919.17, a fifth degree felony, and one count of menacing by stalking in violation of R.C. 2903.211, a fourth degree felony. On September 14, 2001, appellant entered into a written plea agreement to the charge of menacing by stalking. On September 18, 2001, the trial court entered its judgment entry accepting appellant's guilty plea. A nolle prosequi was entered for the charge of violating a protection order.
 {¶ 3} On September 19, 2001, appellant appeared before the trial court for sentencing. At the hearing, the prosecutor informed the court that appellant's record dated back to when he was thirteen and engaged in the offense of telephone harassment. Appellant committed the juvenile offenses of telephone harassment, menacing, and assault. When he was eighteen, appellant was charged with assault and aggravated trespass, aggravated menacing of a police officer, and several violations of the anti-stalking law. He was convicted of assault at age twenty-one and aggravated assault the following year. Appellant violated his probation for these offenses on numerous occasions. In January of 2001, appellant was convicted for the telephone harassment of his landlord and was ordered to jail. Before commencing his incarceration, he damaged the vehicle of his girlfriend, the victim in the instant case. The victim obtained a restraining order against appellant. Appellant was convicted of violating that restraining order. Appellant continued to violate the restraining order by contacting the victim, even while in jail. Appellant also assaulted a correctional officer while incarcerated.
 {¶ 4} The prosecutor argued that the more serious factors for sentencing were present, while none of the less serious factors were found in the case. The prosecutor contended that appellant's history of repeated convictions and his violations of probation and community control sanctions showed appellant was prone to recidivism. The prosecutor relied upon appellant's violations of the restraining order to bolster the state's claim that appellant was likely to re-offend. The prosecutor asked that the longest prison term be imposed because appellant was likely to commit another crime.
 {¶ 5} The court stated it considered the provisions of R.C. 2901.01,2929.01 through 2929.19, and the related sections of the Revised Code in determining appellant's sentence. The trial court adopted the prosecutor's findings as stated in court.
 {¶ 6} On September 25, 2001, the trial court issued its judgment entry of sentence. The court stated it had considered the factors under R.C. 2929.13(B). The trial court found that appellant previously had served a prison term and committed the instant offense while under a community control sanction. The court found that the shortest prison sentence would demean the seriousness of appellant's conduct. Appellant received a sentence of seventeen months, to be served consecutively with his parole violation in another case.
 {¶ 7} Appellant assigns the following errors for review:
 {¶ 8} "I. The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment without making the requisite findings under the applicable sentencing statutes.
 {¶ 9} "II. The trial court erred to the prejudice of the defendant-appellant when it ordered his sentence to be served consecutive to the sentence he was serving for a parole violation."
 {¶ 10} In his first assignment of error, appellant contends the trial court erred by failing to make the requisite findings under R.C.2929.12 and 2929.13. Appellant argues the trial court did not consider the factors set forth in these statutes or set forth its findings for selecting the sentence imposed for a fourth or fifth degree felony offender as required by R.C. 2929.19.
 {¶ 11} When reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573.
 {¶ 12} R.C. 2929.13(B) provides general guidance and a disposition against imprisonment for offenders committing fourth or fifth degree felonies. A trial court may abuse the discretion afforded it in imposing a particular sentence by disregarding statutory criteria. State v. Irons
(July 30, 1999), 11th Dist. No. 97-G-2107, 1999 Ohio App. LEXIS 3511. R.C. 2929.13(B)(1)(a) provides that a trial court is to determine whether a defendant attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. After making this determination and considering the factors listed in R.C. 2929.12, a court may sentence an offender to a prison term if it finds the offender is not amenable to an available community control sanction. State v. Painter, 2000-A-0093, 2002-Ohio-1436, 2002 Ohio App. LEXIS 1492. The trial court is granted broad discretion in determining the most effective way to uphold these objectives when sentencing a defendant. Id. R.C. 2929.12 requires the trial court to consider the seriousness and recidivism factors set forth in R.C. 2929.12(B)-(E). In addition to these statutory factors, the court may consider any other factors relevant to sentencing.
 {¶ 13} Appellant cites to State v. Fails, 11th Dist. No. 2000-P-0019, 2001-Ohio-8902, 2001 Ohio App. LEXIS 5056, in support of his argument that the trial court did not comply with the dictates of R.C.2929.12 and 2929.13. In Fails, this court reversed the trial court because the trial court made no concrete references to the statutory guidelines and did not provide the requisite findings and reasons required by R.C. 2929.19(B).
 {¶ 14} Usually, a sentencing court need not provide its reasons for imposing more than the minimum prison term. See State v. King, 11th Dist. Nos. 2000-L-143 and 2000-L-144, 2001-Ohio-8758, 2001 Ohio App. LEXIS 5431. However, when imposing a prison term for a felony of the fourth or fifth degree, R.C. 2929.19(B)(2)(a) provides that a trial court must state its reasons for selecting the sentence, which is to be based upon the overriding purposes and principles of felony sentencing. Those purposes and principles are set forth in R.C. 2929.11. The court is to consider any factors listed in R.C. 2929.13(B)(1). Without the requisite findings and reasons, an appellate court will remand the matter to the trial court for compliance with the statutory sentencing requirements.Fails, supra.
 {¶ 15} In the instant case, the trial court adopted the findings set forth by the prosecutor at the sentencing hearing as its own. The statute requires that the trial court give its own reasons for selecting a particular term of imprisonment in passing sentence for a felony of the fourth or fifth degree. The trial court cannot pass its responsibility for stating those reasons on the record to the prosecutor. The statute places that burden on the trial court. It is the trial court's findings and reasons for choosing a particular sentence that are to be reviewed by an appellate court, not those of the state or defense. Because the trial court did not provide its own reasons for imposing the sentence upon appellant, the trial court failed to comply with the dictates of R.C.2929.19(B)(2)(a). As such, appellant's seventeen-month sentence must be vacated and the matter remanded for re-sentencing. Appellant's first assignment of error has merit.
 {¶ 16} In his second assignment of error, appellant contends the trial court erred by ordering his sentence be served consecutively with appellant's parole violation sentence. Appellant maintains the trial court did not state its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 17} When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.19(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. The trial court must state, either on the record or in the judgment entry, its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c); Jones, supra. The reasons are the court's provision of a factual explanation setting forth the basis for the findings. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 1999 Ohio LEXIS 2730. These factual considerations may be given after the imposition of consecutive sentences. State v. Sharp, 3rd Dist. No. 1-02-06, 2002-Ohio-2343, 2002 Ohio App. LEXIS 2343.
 {¶ 18} At the sentencing hearing, the trial court stated it decided upon consecutive sentences because the crime was committed while appellant was under sanction. The trial court also pointed to appellant's criminal history, the victim's fear, and appellant's continued threats, made even while he was incarcerated. We find that these are sufficient reasons to support the trial court's imposition of consecutive sentences.
 {¶ 19} The trial court also found that consecutive sentences were necessary to protect the public from future harm and were not disproportionate to the seriousness of appellant's conduct. Under R.C.2929.14(E)(4), a court may impose consecutive terms of imprisonment if one or more of the offenses were committed while the offender was awaiting trial or sentencing and/or the offender's history of criminal conduct shows that consecutive sentences are necessary to protect the public from future harm. Both of these factors are present in the instant case. The trial court did not abuse its discretion by imposing consecutive sentences. Appellant's second assignment of error is overruled. The judgment of sentence imposed by the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.